## BROWN *v.* ILGES.

Jurisdiction of United States Courts.—Military reservations within the territory of Wyoming are solely under the jurisdiction of the United States.

Idem.—Where stock was roaming over a reservation, contrary to the provisions of the general orders of the commanding officer, and such stock was seized by a subordinate officer of the United States, in accordance with such general orders: *Held*, 1. That such commanding officer had the authority to make and enforce the general orders; 2. That the owner of such stock could not maintain a civil action for damages against the subordinate officer who executed the general orders.

Idem.—A party will not be heard to allege error which, if it exists at all, is in his own favor.

Positive Instructions.—Where the material facts upon the trial of a cause are undisputed, the court not only may but should give positive instructions.

Error to the First District Court for Laramie County.

This case was originally commenced in replevin before a justice of the peace at Fort Laramie, taken from him, by change of venue, to a justice of the peace at Cheyenne, who gave judgment for plaintiff. The defendant appealed to the district court, where judgment was rendered for the defendant, and the case came up from that court. The defendant was an officer in the United States army stationed at the fort. There was a dispute as to the ownership of the property replevied, but it appeared that the plaintiff resided near the military reservation, and that the hogs in question were in the habit of running on the reservation. That the same was contrary to "general orders," and the plaintiff was notified to keep them from the fort. Upon his failure so to

do the hogs were taken up under a general order from the post-commander, and defendant then, as officer of the day, under the direction of the post-commander, refused to deliver the property to the plaintiff, and did not do so, nor permit the officer having the writ to take the property until so directed by the post-commander. On the trial the court instructed the jury to find for the defendant.

*W. H. Miller and Thomas J. Street,* for plaintiff in error, contended that the district court erred in charging the jury to find for .the defendant, and that the court, in giving an alleged state of facts to the jury, had erred in so doing and had assumed the functions of the jury.

*E. P. Johnson,* for defendants in error.

I. Of the instructions. Plaintiff does not attempt to maintain that the instructions are erroneous so far as the statement of the law is concerned, but only because the facts are assumed, as is alleged, and by the positive instruction the province of the jury was invaded. It cannot be said that the court acted upon assumption, merely because the facts that were decisive of the controversy were undisputed; so there was nothing for the jury to act upon, their province being simply to weigh testimony. Where the facts are undisputed, the court not only may but should give positive instructions: Hill. New Trials, 221–2–3, 225; *Pratt* v. *Hull,* 13 John. 334; *Stuard* v. *Simpson,* 1 Wend. 378; *Rich* v. *Rich,* 6 Wend. 663.

II. It is complained that the verdict is not in the form required by law, in answer to which it is said: 1. That special findings as to the right of property or right of possession is required only when one or the other, or both, are claimed by defendant. In this case defendant claimed neither; so that in the event of a finding for the defendant no damages other than nominal could be given. The reason for special findings, therefore, fails; 2. If, under the

evidence and the law, defendant was entitled to recover, he was entitled to nominal damages at least, and if the jury failed to make special findings that entitled him to more, it was an error in plaintiff's favor, and of which the defendant alone could complain. A party will not be heard to allege error which, if it exists at all, is in his favor and does not prejudice him: Nash Pl. & Pr. 689; Powell on App. Pr. 189. But the above assignment of error cannot avail, as it was not presented on motion for a new trial. The rule on that subject in this court is well settled. The motion for a new trial was heard on the ground that the verdict was contrary to law, but no objection was taken as to its form.

By the Court, THOMAS, J.: The chief error alleged by the plaintiff, is the instruction given to the jury by the judge of the district court, to the effect that it was not necessary for them to pass upon all the points raised by the defendant in the case, and many of the material facts being undisputed, as there was one point presented which must prove fatal to the plaintiff's claim, viz: that the property in question had been taken in pursuance of the general orders of the officer in command at Fort Laramie, to whom the defendant was subordinate; and that in a United States post and upon a United States military reservation, while the commanding officer had no jurisdiction over the persons of civilians, yet had a right to promulgate and enforce strict police regulations, and that if civilians resided upon military reservations, and allowed their stock to roam at will over the same, they must do it subject to such regulations and at their own risk. And that in this case the jury must find for the defendant and assess damages accordingly. We do not deem it necessary to inquire in this case whether the general order issued by the commandant at Fort Laramie was strictly in accordance with the general law of the land, or whether he had any right to absolutely confiscate stock roaming at large about the post. There can be no question, especially as these

reservations are solely under the jurisdiction of the United States, that an officer in command of a military station, has at least, an equal right with our town and village governments to impound and dispose, by settled rules and regulations, of animals running at large, and at least to retain possession of them until the owner of them enters into some satisfactory and binding arrangement or agreement in reference to the same.    In this case, it appears that the swine in question were not confiscated, but were detained by order of Major Blount, commanding at Fort Laramie.    We are, therefore, unable to see any material error in the charge of said judge, or that any injustice was done to the plaintiff by reason thereof, especially as there are two other questions, which, though not brought up on the argument of this case, would effectually dispose of the plaintiff's claim herein:

1. That the defendant, an officer of the United States Army, was acting in strict accordance with the commands of his superior officer, upon which superior officer the demand for the property should have been made, instead of upon this defendant.

2. That the justice of the peace before which the suit was commenced, and who issued the writ of replevin herein, and the one before whom said case was tried, had no jurisdiction over the military reservation at Fort Laramie.

The judgment of the district court is affirmed.